# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2022

Lyle W. Cayce
Clerk

No. 21-30687

Jessica Mackey,

*Plaintiff—Appellant*,

*versus*

American Multi-Cinema, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-cv-1350

Before Higginbotham, Higginson, and Oldham, *Circuit Judges*.

Per Curiam:*

Jessica Mackey tripped and fell on an uneven sidewalk while walking into a movie theater. She sued the theater for negligence. The district court granted summary judgment to the theater. We affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30687

I.

Around noon on May 4, 2019, Jessica Mackey and her husband drove to a theater operated by American Multi-Cinema ("AMC") in Harvey, Louisiana. As the couple walked toward the theater entrance, the tip of Mackey's sandal caught an uneven expansion joint on the concrete sidewalk. The expansion joint created a height deviation of ¾ to ⅞ of an inch between pavement sections. This is depicted in the red square below:



Mackey fell forward, struck the pavement with her face, and suffered serious personal injuries.

Mackey sued AMC, alleging AMC negligently failed to keep its premises reasonably safe or warn patrons about the expansion joint. The district court granted AMC's motion for summary judgment, finding that

Mackey failed to create a genuine dispute of material fact as to whether the expansion joint was unreasonably dangerous.

Mackey timely appealed. Our review is *de novo. Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018). AMC was entitled to summary judgment if it could show the absence of "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

## II.

To prove a negligence claim against a merchant in a trip-and-fall case, the plaintiff must show, among other things, that the condition of the premises "presented an unreasonable risk of harm." La. Rev. Stat. § 9:2800.6(B)(1). The district court concluded that Mackey failed to create a genuine fact issue as to whether the expansion joint created an unreasonable risk of harm. That is because all agree that the pavement height deviation was between ¾ to ⅞ of an inch, and Louisiana courts have repeatedly held that deviations of this height or higher do not present an unreasonable risk of harm. *See Chambers v. Vill. of Moreauville*, 85 So. 3d 593, 598 (La. 2012) ("Louisiana jurisprudence has consistently held that a one-and-one half inch deviation does not generally present an unreasonable risk of harm."); *see also Buchanan v. Wal-Mart Stores, Inc.*, 834 F. App'x 58, 62 (5th Cir. 2020) (per curiam) (collecting Louisiana cases). Mackey does not challenge this legal rule.

She instead argues that the district court improperly adjudicated AMC's summary judgment motion by not considering each of her exhibits. But she does not show that the undiscussed evidence has any relevance to the unreasonable risk of harm issue. Most of it concerns other issues like AMC's custody of the sidewalk, and none of it raises a fact issue as to the dangerousness of the expansion joint in question.

No. 21-30687

Mackey also argues the district court erroneously disregarded her argument that the expansion joint was not "open and obvious" by focusing on Mackey's subjective perception—specifically, citing to her deposition testimony that she was "[l]ooking at the ground, being careful." We reject this argument, which is based on a stray sentence in a footnote of the district court's opinion. Read fairly, the court's opinion applies Louisiana's objective standard and concludes that the expansion joint was not unreasonably dangerous in part because it was "plainly observable by pedestrians" exercising reasonable caution. We find no error in this conclusion.

We have reviewed Mackey's other arguments and reject them for the reasons explained in the district court's well-reasoned and thorough opinion.

AFFIRMED.